Opinion of the court.

JOSEPH J. WHITE ET AL v. FRANK P. JENKINS.*

DEEDS OF TRUST. *Substituted trustee. Appointment. Record. Laws* 1896,
p. 105.

Under the act of 1896 (Laws 1896, p. 105), providing that sales under
deeds of trust by substituted trustees shall not convey the title
of the grantor until the substitution appear of record, the writing
appointing the substituted trustee must be of record before a valid
sale under the deed of trust can be made by him.

FROM the chancery court of Lowndes county.

HON. ADAM M. BYRD, Chancellor.

Jenkins, the appellee, was complainant in the court below;
White and others, appellants, were defendants there. The com-
plainant claimed to own an undivided one-half interest in the
lands in controversy by virtue of a purchase at a sale made in
1898, by a substituted trustee, under two deeds of trust, exe-
cuted in March, 1886, and March, 1892, respectively. The rec-
ord fails to show that the substitution of the trustee, in either
deed, was made of record. The bill sought partition of the
lands and an accounting for rents. The defendants denied the
complainant's title and the power of the substituted trustee to
make the sale, because of the failure to comply with the act of
1896, mentioned in the opinion of the court. The court below
decreed for complainant, and defendants appealed to the su-
preme court.

*Cayce & Sturdivant*, for appellants.*

*Sykes & O'Neill*, for appellee.*

WHITFIELD, C. J., delivered the opinion of the court.

The appellee's whole claim depends upon the validity of the
sales under the two trust deeds, and it is clear that the substi-

---

*This case was decided at the March term. 1900, and would have been reported in 78 Miss.
but for the loss of the record. The briefs of counsel are yet mislaid.

tution of O'Neill as trustee in both trust deeds occurred after the adoption of the act of 1896 (Laws 1896, p. 105), in the year 1898, was governed by that law, and, not complying with it, was invalid. The sales were void, because the substitution of the trustee in both instances was not recorded as required by said act. It may be added that there is no substitution, even in writing, of O'Neill for McQuinton in the trust deed executed in 1892, so far as this record discloses. It follows that the decree of sale, and the decree as to the rents, the latter hinging upon the former, of course, are, for the single reason stated, erroneous.

*Reversed and remanded for decree in accordance with this opinion. So ordered.*