SARAH V. SHIPP *v.* NEW SOUTH BUILDING AND LOAN ASSOCIATION.

1. DEED OF TRUST.   *Trustee.   Substitution.   Laws 1896, p. 105.*

A sale of land by a substituted trustee under a deed of trust is void, unless evidence of the substitution be placed of record before the sale, as required by statute.   Laws 1896, p. 105.

2. SAME.   *Special terms of the deed.   Successor of an officer.*

Where a deed of trust names a designated individual as trustee so long as he remains the treasurer of a certain corporation, and provides that his successor as such treasurer shall, by becoming treasurer *ipso facto* become the trustee in the deed without writing, deed, formal or other appointment, a sale by a succeeding trustee is void unless evidence of the substitution be placed of record as required by said statute.

81 Miss.—2

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

The Building and Loan Association, appellee, was the plaintiff, and Mrs. Shipp, appellant, was defendant in the court below. The action was ejectment for a lot in the city of Meridian. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

On the trial in the court below plaintiff introduced a deed from one Ginder, as the trustee in a deed of trust in its favor, and a deed of trust to one Blanc, as trustee, to secure to it a certain indebtedness. The deed of trust recited that Blanc was the treasurer of the appellee, and that the title to the land therein conveyed should be vested in him only so long as he might remain treasurer of the association, and that whenever any other person should be elected treasurer to succeed Blanc, such person should, *ipso facto,* become the trustee, with the title, right to sell, etc.

The defendant objected to the introduction of this deed. Plaintiff then proved that said Ginder had been duly elected treasurer of the New South Building and Loan Association, and the court below then overruled the objection. The opinion contains a further statement of the facts.

The statute of March 3, 1896 (Laws 1896, p. 105), provides that sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor until the substitution appear of record in the office of the chancery clerk.

*S. A. Witherspoon,* for appellant.

The act of March 3, 1896, Laws 1896, p. 105, provides that sales of land made under deeds of trust by substituted trustees shall not convey the interests of the grantor until the substitution appear of record in the office of the chancery clerk. The act then provides that such substitution may appear of record in two ways: either by separate instrument recorded as other recordable instruments, or it may be attached to or copied on the

deed book by the clerk. Now, the question is whether a foreign corporation can evade and violate this provision of the statute by providing in the deed of trust that the election of a treasurer of a corporation in a foreign state, *ipso facto,* operates as a substitution, the statute to the contrary notwithstanding.

The object of the statute was to facilitate the examination and tracing of land titles. In this case the examiner of the title would find by the record that Page had conveyed the title to Jules A. Blanc. Then he would look for a deed from Jules A. Blanc, and finding none, he would have the right to suppose that the title was still in Jules A. Blanc. He would then look for a substitution of some other person as trustee, but finding none on record, how would he ever find that Ginder had acquired the title. It is impossible, and this is the very evil which the statute intended to remedy. The substitution relied on by the appellee is therefore in violation, not only of the letter and plain language of the statute, but also in hostility to its spirit and object, and presents the very evil which the law intended to prevent. But it is argued that the trust deed shows on its face that the election of a treasurer to succeed Blanc would be the appointment of another trustee. How does this help the case? Must the examiner of the title go to New Orleans, and there present a petition to this foreign corporation, praying the privilege of examining its records to find out who is its treasurer? What assurance would he have that the corporation would permit him to examine the books? But the statute intended to fix it so that the title could be traced in the office of the clerk and not in the office of the corporation.

Again, it was argued in the court below that Ginder is not a substituted trustee, but that the title was conveyed to him by the very terms of the trust deed. In other words, the contention is that the conveyance is made not to Jules A. Blanc, but to the treasurer. My answer to this is that, even if it were so, the evil which it would produce would be the same as if the conveyance were made to Jules A. Blanc, and that there would

be the same necessity for some record of a change in the person who held the office, as there is for a record of a change in the trustee of the ordinary trust deed, and hence the statute would be equally applicable. But it is not true that the trust deed conveys the title to the treasurer of the corporation.

From the provisions it is clear that the title was conveyed to Jules A. Blanc as an individual, and not as the office of the corporation, for it is nowhere stated in the trust deed that Blanc is an officer until long after the title has been conveyed to him and after he has been vested with all his powers, rights, and duties, including the power to sell, and not until we come to the close of the trust deed, where it provides for the substitution of his successor, do we learn that he is a treasurer. The conveyance is made not only to him, but to "his successor as trustee," and not to his successor as treasurer. The words, "to his successor as trustee," do not, of course, add anything to the legal effect of the instrument, for if those words were omitted from the granting clause it would still convey the title to his successor as trustee. This is the case in all trust deeds, for how else could the successor of the original trustee get title if the instrument did not convey it to him? But the words, "to his successor as trustee," do show that the instrument was not seeking to vest the title in the officer of the corporation, but in the individual who might hold that office. The whole deed of trust shows that its scheme was to substitute a trustee by the mere election of a treasurer, and I insist that the corporation could not in this way set aside the statute. If a corporation can do this, then a natural person can also set aside the statute. The election of a treasurer of a corporation is nothing but the appointment of an agent, and if a corporation can provide, as this one seeks to do, that whenever it appoints a certain agent, then such agent shall, *ipso facto,* become trustee instead of the one shown by the record, and without making his appointment a matter of record, as the statute provides, then a natural person may also have a trust deed in his favor providing that whenever he appoints and

selects an attorney or a real estate agent or broker, or any other sort of agent, such agent shall, *ipso facto,* become trustee instead of the one shown by the record and without any sort of compliance with the statute, and thus the statute would become a dead letter.

*A. S. Bozeman,* for appellee.

While the deed of trust from Page to the New South Building & Loan Association conveys the property in question to Jules A. Blanc, as trustee, and to his successor, as trustee, it further provides: "The said Jules A. Blanc, party of the second part, is the treasurer of the New South Building & Loan Association, and he shall be and remain the trustee, under the provisions of this deed of trust, and the title shall be vested in him only as he may be such treasurer. And, when any other person shall become the treasurer of said association, such person shall, thereupon, *ipso facto,* become the trustee herein, with the title of the property herein described, for the purposes of the trust herein declared, fully vested in him, without any writing, deed, conveyance, formal, or other appointment, with all the powers, duties, and privileges herein granted." So long, therefore, as the power of sale is exercised by the treasurer of the New South Building & Loan Association, there has been no substitution of a trustee. The treasurer of the association at the time of the sale is the trustee, *ipso facto,* by the express terms of the original deed of trust, "without any writing  *  *  *  or other appointment." And in the nature of the thing, there could be and was no substitution to be recorded under the act of 1896.

The action of the New South Building & Loan Association, as shown by the minutes, was the election of Henry Ginder as treasurer of the association. Nothing whatever appears there as to the deed of trust in question, or any deed of trust, nor is the substitution of Henry Ginder as trustee hinted at. He was elected treasurer of the association, and being trustee in the deed of trust was a mere incident to that office. It was not neces-

sary that any resolution should be passed or any writing executed authorizing him to act as trustee in the deed of trust in question, but, on the contrary, it was expressly provided in the deed.of trust that this need not be done. Therefore, under the terms of the instrument (the deed of trust) itself there was no substitution of a trustee, either made or recorded, and true to this interpretation of the deed of Henry Ginder in exercising the power and in executing the trustee's deed, describes himself not as substituted trustee, but as "Henry Ginder, treasurer of said New South Building & Loan Association, and, *ipso facto,* trustee. (See trustee's deed.) 3 Cook on Corp., sec. 819; *Craft* v. *Indianapolis, etc., R. R. Co.,* 166 Ill., 580.

WHITFIELD, C. J., delivered the opinion of the court.

The only question needing consideration is this: Was there any substitution of one trustee for another? It is conceded by counsel for the appellee that there was no record of the substitution of a trustee, as required by the act of March, 1896, laws of 1896, p. 105. The language of the trust instrument in the granting part is as follows: "said party of the first part hereby conveys and warrants unto the said Jules A. Blanc, party of the second part, as trustee, and to his successors as trustee, the following described real estate," etc. At the close of the instrument this clause occurs: "The said Jules A. Blanc, party of the second part, is the treasurer of the said New South Building & Loan Association, and he shall be and remain trustee under the provisions of this deed of trust, and the title shall be vested in him only so long as he may be such treasurer. And whenever any other person shall become the treasurer of said association, such person shall thereupon, *ipso facto,* become the trustee herein, with the title of the said property herein described, for the purpose of the trust herein declared, fully vested in him, without any writing, deed, conveyance, formal, or other appointment, with all the powers, duties, and privileges herein granted." Jules A. Blanc was treasurer when the deed

was executed; afterwards, on the 18th of January, 1898, Henry Ginder was elected treasurer by a resolution of the board of directors of the appellee corporation. The appellee did not have this resolution recorded in any way, it was merely spread upon the minutes of the corporation; nor did the appellee, in any way, make any record of the substitution of the trustee. The appellee's counsel earnestly insists that the effect of the clause in the trust deed is to convey the legal title not to Blanc as an individual, but to the treasurer of the corporation, or whatever person might be treasurer at any time; and that an election as treasurer, *ipso facto,* made such newly-elected treasurer, trustee. Counsel for the appellant insists that the title was vested in Jules A. Blanc, as trustee, not as treasurer, in him as an individual, not as an officer. We do not think it necessary to do more than say this: that if it were conceded that the legal title was vested in the treasurer of the corporation, in so many words, each newly-elected treasurer to become, *ipso facto,* also trustee, it is none the less true that each change in treasurer is also a change or substitution in the person who is to become trustee. Manifestly, every new treasurer is a new person, and necessarily there is a change or a substitution in the trusteeship in every such change in the treasurer. One of the objects of the statute, as we have held, is to enable the intending purchaser to trace the title on the face of the record; this is a very wise object, but it would be wholly defeated as to foreign corporations if a foreign corporation could by a mere resolution spread only on its minutes, inaccessible to the outside public, substitute a new trustee. How could an intending purchaser know the name of the new trustee through whom the title is to come? Is he to be at the expense of traveling five hundred or a thousand miles to read the resolution, depending, then, upon the courtesy of the corporation as to whether it would be shown or not? It is the purpose of the statute, plainly, that the name of every substituted trustee shall appear upon the face of the record. It is a very wholesome regulation, and one easy to

comply with, and if the corporation, through ignorance of the law, has suffered loss, that is merely one more of many instances in which the failure to know the law entails loss. We are inclined to the opinion that the effect of the language in the instrument is to vest the title in Blanc, not as an officer, but as an individual, and each succeeding treasurer as an individual, the title thus being vested not in the man as an officer, but in whatever person, as an individual happens to be treasurer. We think the case of *Commissioners* v. *Walker,* 6 How. (Miss.), 185, so holds, Judge Sharkey there saying:

"The trust was not confided to the president and cashier as a part of their official duty, but it was so declared for the purpose of identifying the persons who should execute the trust; and no reason can be perceived why the state might not, with equal propriety, appoint one of its officers as trustee. To all these offices succession was an incident, and to the persons who should fill them for the time being the execution of the trust was confided, with a view to insure the execution, as it was not likely that anything more than a temporary vacancy would occur. It was a trust confided to persons who should fill certain offices, not as officers, but as individuals, and as it was contemplated that the offices should be always filled, it was the more certain that the trust would be executed."

Without reference, however, to this proposition, we think there can be no doubt that even if the position of counsel for the appellee be correct, to wit: that the title was so vested in whoever was treasurer from time to time, there is nevertheless a change in the trustee or a substitution of a new trustee every time a new person is made treasurer. There is much force in the suggestion of counsel for appellant that if a foreign corporation could be permitted to evade this statute by the election of treasurer by mere resolution spread upon its minutes, in pursuance of a provision in the trust deed, and such election of treasurer, *ipso facto,* made the treasurer trustee, then a private person might provide in a trust deed that whenever he appointed

an attorney or agent, said attorney or agent should become trustee, etc.; and thus there would be, in the case of a private person, no record of the substitution, and the statute would become a dead letter.

Manifestly, there is a change in the trustee, there is a substitution of a new trustee, with every change in the person who becomes treasurer, and it was the very purpose of the statute that there should be record of such substitution, as of all other substitutions of trustees.

We reverse this case with the greatest reluctance, on account of the manifest fraud which has been perpetrated upon the association. But the trouble at last goes back to the failure of the corporation to comply with the statute in a respect in which compliance was very easy.

*Reversed and remanded.*