KING v. JONES.

[83 South. 31, In Banc. No. 20933.]

1. MORTGAGES. *Substitution of trustees. Validity of substitution.*

Under Code 1906, section 2773 (Hemingway's Code, section 2277), providing that a sale under a deed of trust by a substituted trustee shall be void unless the substitution "appears on the record" in the office of the chancery clerk by being actually spread at large upon the record, it was a compliance with the

statute where the substitution was lodged with the clerk and copied by him on the margin of the record of the deed of trust, and such notation was signed by the beneficiary under the supervision of the clerk, though the clerk did not attest the notation on the record.

2. SAME.

As to whether or not the substitution of a trustee recorded by notation on the record by the beneficiary without the knowledge of the clerk is valid, is not decided by the court.

APPEAL from the circuit court of Holmes county. HON. J. B. GUTHRIE, Special Judge.

Action by James King against W. E. Jones. Judgment for defendant and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wise & Bridgeforth,* for appellants.

Was the substitution of G. C. Reid, as trustee in the deed of trust above referred to, valid and in accordance with law, so that he could convey to the grantee at the sale under the deed of trust a good title to the property involved? If this question is answered in the affirmative then the decision of the lower court must be affirmed; if in the negative, then it must be reversed. The contention of the appellant that the substitution of Mr. Reid, as substituted trustee in this deed of trust, is invalid and ineffectual; that the sale made by Mr. Reid, as substituted trustee is illegal and void and that no title passed to the grantee at the sale, therefore, the decision of this one question depends upon the interpretation given to section 2773 of the Code of 1906 (Hemingway's Code, section 2277). which section first appeared in a slightly different form in our laws as chapter 96 of the Laws of 1896, For the sake of convenience, we wish to copy the whole section into this brief, and request the indulgence of the court in so doing:

"2273.    Substitution  of  trustees  must  appear  of
record.    (Laws  1896,  ch.  96)—Sales  of  land  made
under  deeds  of  trust  by  substituted  trustees  shall  not
convey  the  interest  of  the  grantor  or  grantors  therein
but  shall  be  absolutely  null  and  void,  both  at  law  or  in
equity,  unless  the  substitution  shall  appear  of  record
in  the  office  of  the  chancery  clerk  of  the  county  where
the  land  is  situated,  and  unless  it  shall  so  appear  by
being  actually  spread  at  large  upon  the  record  before
the  first  advertisement  or  notice  of  sale  shall  have
been  posted  or  published,  the  filing  or  lodging  with
the  clerk  not  being  sufficient.    Such  substitution,  how-
ever  may  so  appear  by  a  separate  instrument  recorded
as  above  set  in  all  respects,  or  a  copy  of  such  sub-
stitution  may  be  recorded  as  above  set  out."

By  the  unquestioned  interpretation  of  this  statute,
the  substitution  of  a  trustee,  where  not  "of  record,"
illegal  and  ineffectual;  and  sales  made  by  a  so-called
substituted  trustee,  whose  substitution  is  not  "of
record"  are  null  and  void  and  do  not  convey  the  in-
terest  of  the  grantors.   *White* v. *Jenkins,* 79 Miss. 57,
28 So., 570;   *Hyde* v. *Hoffman* (Miss.), 31 So., 415;
*Shipp* v. *New South Building & Loan Assn.,* 81 Miss.
17, 36 So., 285;   *Folk* v. *Dale,* 93 Miss. 663, 47 So. 386;
*Proviine* v. *Thornton,* 92 Miss. 395, 46 So., 950.    We
wish  to  establish  this  unequivocal  and  undebatable  in-
terpretation  of  this  statute,  as  the  major  premise  in
our  argument,  and  have  burdened  the  court  with  the
citation  of  the  five  best  cases  sustaining  it;  and  in
all  subsequent  portions  of  the  brief,  we  will  take  the
proposition  as  demonstrated  without  the  citation  of
further  authorities.    No  unrecorded  substitution  being
valid,  and  all  sales  made  by  a  substituted  trustee,
whose  substitution  does  not  appear  of  record,  being
void,  it  only  remains  for  the  appellant  to  show  that
the  appointment  of  the  substituted  trustee  did  not  ap-
pear  of  record  in  the  office  of  the  chancery  clerk  of

Holmes county, in order to answer in the negative the sole question involved in this case, and thus to make plain that a reversal of the lower court is the proper judgment of the supreme court.

After carefully reading the statute, it will be seen that the first complete sentence in the section lays down a rule of law: ("Sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor or grantors therein but shall be absolutely null and void, both at law and in equity, unless the substitution shall appear of record in the office of the chancery clerk of the county where the land is situated . . .) and the regular method of complying with the requirements of that rule of law: (". . . and unless it shall so appear by being actually spread at large upon record before the first advertisement or notice of sale shall have been posted or published; the filing or lodging with the clerk not being sufficient.") The second, or last complete sentence in the section merely provides an additional method of complying with the requirements of the rule of law laid down in the first part of the first sentence: "Such substitution, however, may so appear by a separate instrument recorded as above set out in all respects, or a copy of such substitution may be recorded as above set out.") and operates so as to give the beneficiary in the trust deed the option of choosing between two methods of doing a thing the doing of which thing the statute makes obligatory.

The method of recording a substitution provided in the second sentence of the section as shown above makes the act of recording the substitution equivalent to the recording of a separate instrument, as a deed, for instance (". . . a separate instrument recorded as above set out in all respects" . . .), and requiring the acknowledgment of the grantor or maker, the beneficiary of the trust deed in this particular instance.

(See section 2793 of the Code of 1906, Hemingway's Code, section 2294),—all which is quite a formal and solemn procedure; but the use to us of this "second method" in this particular case is not direct, but only to furnish us the basis of an argument by analogy, for the substitution made in this case but not recorded, was only by notation without pretense of a separate instrument. As far as this phase of the case is concerned, the situation is much the same as in the case of *Provine* v. *Thornton,* 92 Miss. 395, 45 So. 950, where (quoting 46 So., 951)," . . . There was certainly no substitution by a separated instrument, recorded as other recordable instruments, because the paper of substitution was not acknowledged, so as to be recordable, and it was not pretended to be recorded as a separate instrument." Under this second sentence will also be found a clause offering the alternative recording as a separate instrument, at the maker's pleasure, not the original paper carrying the substitution, but a copy of the same: ("or a copy of such substitution may be recorded as above set out,"—that is, when the copy of the separate instrument is acknowledged it may then be recorded.) As we understand this second sentence, it provides a formal means of recording a substitution of a trustee, as all other separate instruments are recorded.

We now turn to the normal method of recording a substitution of a trustee, as provided in the first sentence of the section, so that the acts of the trustee may have force and efficiency; applying the legal method to the careless action of the beneficiary of the trust deed in the instant case, the purpose of the beneficiary, Mr. Perry was to so proceed that the substitution should appear of record in the office of the chancery clerk. It is important to keep this in mind that the requirement of a statute is, putting the matter generally again, that the substitution shall

appear of record, else the substituted trustee's acts are invalid. Before turning directly to the statutory acts necessary to make the substitution appear of record, would it not be well to see what the legal meaning of the appearing of record is: See where the legal goal of all acts we must perform in making the substitution appear of record is situated. In other words would it not be well to see just what appearing of record is? Then we would have a clear guide to lead us in ascertaining the particular points in the statutory way leading to the goal.

First what is a "record?" A record is "a written memorial made by a public officer authorized by law to perform that function, and intended to serve as evidence of something written, said or done." *Bouvier's* Law Directory (14 Ed.): "To constitute a valid record it (i. e., the filing of an instrument) must be made by an officer having the authority to do so, and if made by a person having no authority whatever it is void." 34 Cyc., 589-590: "Recording means the copying of the instrument to be recorded into the public records in a book kept for that purpose, by or under the superintendence of the officer therefor." 23 Ruling Case Law, 1822, par. 38. "The admission to record" consists not only in bringing the deed or writing to the clerk, or lodging it with him to be recorded, but in the indorsement by the clerk upon the deed or writing, when delivered to him, of an order directing it to be recorded. Such admission of the deed or writing to record has the same effect as if the writing were actually spread *in extenso* upon the deed book." Minor, Real Property, page 1565, section 1393: "The term recorded as used herein signified a written account, memorial, or memorandum of some act, speech, transaction, or instrument made by a public officer authorized to perform that function, for the purpose of having it remain as permanent evidence of the matters

to which it relates; or a writing properly filed in a
public office.'' Am. & Eng. Ency. of Law (2 Ed.),
159. Authorities of a like nature might be multiplied
almost to infinity, but it is our effort to bring only
sufficient authority to recall forcibly to the mind of the
court the necessity of an act on the part of the cus-
todian of the record in order to make any instrument
of writing a part thereof. The word ''appear'' has
no peculiar meaning, and it seems is only used in the
ordinary layman's meaning of the same. Taking the
two together, ''appear of record'' can only mean show-
ing or being a part of the properly written memorial
by and because of the legal act of the proper custo-
dian of particular written memorial.

The statutory way to reach our goal, the legal and
ordinary method, as provided in the latter part of the
first sentence of the section, is that ''it shall so appear
by being actually spread at large upon the record be-
fore the first advertisement or notice of sale shall
have been posted or published; the filing or lodging
with the clerk not being sufficient.'' Analyzing these
directions we find the steps to be as follows: (1) ''It
shall so appear'' how? Of record, most certainly for
''so'' can relate back only to ''of record.'' Here the
statute at first blush seems needlessly repeating the
final situation which is to be reached, viz: that the
substitution must be made ''of record'' but on closer
inspection, the evident intention of the legislature was
to import into the method .of making the substitution
''appear'' all that the word ''record'' carries with it
—the action of the clerk in his official capacity, the
exclusion of all other parties from taking action even
of the clerk himself when not acting as a clerk.

(2) ''By being actually spread at large upon the
record before the first advertisement or notice of
sale shall have been posted or published'' . . . in
what manner? By being written on the face of the

page of the record where the deed of trust is recorded, by the proper custodian thereof and marked as his own for one as was attempted in this case.

(3) "The filing or lodging with the clerk not being sufficient"—why? Because filing or lodging is not recording. But the great value of this clause in the instant case is that it reaffirms the necessity of action on the part of the clerk. Surely the inexcusable inference is that if neither the action of the beneficiary in filing or lodging the substitution with the clerk is sufficient, then the official act of this custodian in actually making the substitution a record is necessary.

Our court has never expressly interpreted this particular portion of the statute relating to the method of making the substitution appear of record, as shown by the latter part of the first sentence. But surely some evidence of the clerk's action must be manifest in order to make a substitution which has been merely noted on the margin of the page or record book a muniment of title. Merely lodging a deed, or deed of trust, or marriage settlement with the clerk is sufficient to make it valid against the whole world (See sections 2784, 2786, and 2787, of the Code of 1906, Hemingway's Code, section 2288, 2290, and 2291); but a substitution of a trustee must become or actual record, mere lodging not being sufficient, before the first notice of the sale is made, else all the acts of the substituted trustee are invalid and ineffectual, where a satisfaction of the indebtedness due under a deed of trust is made, it must be entered upon the margin, and at least attested by the clerk. Section 2781 of the Code of 1906, Hemingway's Code, section 2285. Then if a substitution is to be actually recorded, not lodged for record, surely a clerk in his official capacity must record the substitution and leave some "ear mark" of his official action. It has been held that the mere pasting of a map betwen leaves of a

record book does not make the map a record in a legal sense, although the map has been actually attached to the proper record. *Caldwell* v. *Center,* 30 Cal. 539, 89 Am. Dec. 131. Although the court gave no reason for its decision, it is obvious that the mere pasting of the map in the record gave no proof of the official action of the clerk or recorded, without whose action no instrument might become a part of the record.

Several different purposes have been attributed to the legislative mind in the passage of the section 2773 of the Code of 1906. These purposes have been summarized by CALHOUN, J., in the case of *Provine* v. *Thornton, supra,* (quoting from 46 So. page 951, and 92 Miss., page 402); "We cannot escape the conclusion that the result of the decisions of our court means that this substitution must precede the sale, and must so appear that it would furnish evidence of title to the purchaser at the trustee's sale such as would be good in an action of ejectment. It is said in the case of *Hyde* v. *Hoffman* (Miss.), 31 So. 415, 416, that the statute was intended, not only to give security to titles, but to induce bidders to offer a fair price for the property soldd. *White* v. *Jenkins,* 79 Miss. 28 So. 570; *Shipp* v. *New South B. & L. Assn.,* 81 Miss. 17, 32 So. 904, in the last case the court: "It was the very purpose of the statute that there should be record of such substitution as of all other substitutions o" trustees.

No brief of record of attorneys for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellant, James King, sued the appellee, W. E. Jones, in ejectment for the possession of the land involved in this suit. Upon the conclusion of the testimony a peremptory instruction was granted the appellee, defendant below, from which this appeal is prosecuted.

The correctness of the action of the lower court depends entirely upon the settlement of one question in the case, and that is whether or not the appellee, Jones, obtained a valid title to the land under a foreclosure sale.

Appellant, King, had executed a deed of trust upon the land in favor of one Mobley, trustee, for the benefit of one Perry. Upon failure to pay the amount due under the deed of trust, the beneficiary, Perry, substituted one G. C. Reid as trustee in the place of the said Mobley. The substitution written upon the deed of trust was in the following language:

"I hereby appoint G. C. Reid as substituted trustee instead of M. C. Mobley to execute this deed of trust. [Signed] W. W. Perry.
2/1/1911."

The beneficiary, Perry, lodged this substitution with the chancery clerk of the county, who, through his deputy, copied it on the margin of the record of the said deed of trust, and Perry signed this marginal notation of the substitution. Following this the substituted trustee proceeded to sell the land under the terms of the deed of trust, after having given the proper notice, and executed a deed to the purchaser, who afterwards deeded it to the appellee.

The precise inquiry is whether or not there was a legal and valid recordation of the substitution of the trustee so as to make it appear of record as required by section 2773, Code of 1906, section 2277, Hemingway's Code, which is as follows:

"Substitution of Trustee Must Appear of Record.— Sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor or grantors threin, but shall be absolutely null and void, both at law and in equity, unless the substitution shall appear of record in the office of the chancery clerk of the county where the land is situated, and

unless it shall so appear by being actually spread at
large upon the record before the first advertisement
or notice of sale shall have been posted or published;
the filing for record or lodging with the clerk not
being sufficient. Such substitution, however, may so
appear by a separate instrument recorded as above
set out in all respects, or a copy of such substitution may
be recorded as above set out. (Laws 1896 c. 966.)''

Putting the question in another way: If the sub-
stitution of the trustee here did not appear of record
before the first notice of sale was made, this sale
is absolutely void, and the appellant would be entitled
to reversal because he would still have the legal title
to the land; but, if the notation upon the margin of the
record of the deed of trust by the chancery clerk in
the manner and language employed here is a substitution
''appearing of record'' in the office of the chancery
clerk, then the statute has been substitutally com-
plied with and the sale was void. It will be observed
that the statute provides two methods whereby the
substitution of the trustee may be recorded. The
method first appearing in the section is the one
that was pursued by the beneficiary in this case. This
court has never decided the point involved. However,
we find no great difficulty in reaching the conclusion
that the statute was substantially complied with and
that the sale by the substituted trustee was legal
and valid in the case before us.

The contention of appellant that the notation of the
substitution on the margin of the record of the deed of
trust was unofficial and not a legal and valid recorda-
tion of the substitution because the notation on the
record did not appear by official attestation to have
been made.by the chancery clerk, or under his direction
or supervision, is untenable, in our judgment, for the
reason that the evidence in this case shows as a matter
of fact that, while the chancery clerk did not attest

the notation on the record, nevertheless he wrote it there and it was signed by the beneficiary under the supervision of the clerk. Certainly the clerk "spread" the substitution upon the record in the performance of the functions of his office. The clerk having made the notation on the record under his charge, the substitution then and there legally "appeared of record." Of course, the notation record of the substitution of the trustee would have been more satisfactory and conclusive had the clerk attested the notation and signature of the beneficiary; but, in the absence of such attestation by the clerk, the proof offered in this record was competent to show that as a matter of fact the clerk did in his official capacity spread on the record the substitution of the trustee by writing it there and seeing it signed by the beneficiary.

We have carefully avoided passing upon the question of whether or not the substitution of a trustee recorded by notation on the record by the beneficiary without the knowledge of the clerk is a valid and legal record of the substitution. We do not decide this point because it is unnecessary to do so. In the meantime the legislature may make the statute clearer in this regard by some change or amendment thereto.

The judgment of the lower court is affirmed.

*Affirmed.*