CAMP ET AL. *v.* CELTIC LAND & IMPROVEMENT CO.

[91 South. 897. No. 22585.]

1. QUIETING TITLE. *Complainant in bill to confirm title and remove cloud must show good title in himself.*

In bills to confirm titles and remove clouds therefrom complainant must show a good title in himself; otherwise his bill is subject to demurrer.

2. MORTGAGES. *Sales under trust deeds by substituted trustee are void unless their appointment is recorded in the chancery clerk's office in the county of land's situs.*

Section 2773, Code 1906 (section 2277, Hemingway's Code), makes void sales of land under deeds of trust by substituted trustees unless the appointment of the substituted trustee appears of record in the office of the chancery clerk of the county where the land is situated, and unless it shall be actually spread at large upon the record before the first advertisement or notice of sale shall have been posted or published.

129 Miss.—27.

3. MORTGAGES. *Statute requires appointment of substituted trustee to be recorded in mortgage record book.*

Section 2809, Code 1906 (section 2310, Hemingway's Code), provides for the keeping of a record in which are to be recorded mortgages and deeds of trust on land, and that the appointment of a substituted trustee under a deed of trust shall be recorded in this book.

4. MORTGAGES. *Recording appointment of substituted trustee in deed book instead of mortgage records held a compliance with statute.*

Where the appointment of a substituted trustee is recorded in a deed book instead of in the record of mortgages and deeds of trust, this is recording the substitution in a land record kept by the chancery clerk, and is a substantial compliance with section 2773, *supra.*

5. MORTGAGES. *One examining title would have discovered the record of a substitution of trustee in a deed book, and thus have received sufficient notice thereof.*

The purposes of these recording statutes are to charge the people with notice of their contents, and also to enable them by a proper examination of these records to obtain knowledge of their contents. Any one exercising reasonable diligence in investigating a land title would not only investigate the indexes and records of mortgages and deeds of trust, but would also investigate the indexes and records of deeds—in other words, would investigate the records relating to lands in that county. And in this case such an investigation would have disclosed the record of the appointment of the substituted trustee.

APPEAL from chancery court of Lamar county.
HON. D. M. RUSSELL, Chancellor.

Suit by the Celtic Land & Improvement Company against Mrs. C. M. Camp and others. Decree for complainant, and the defendants appeal. Affirmed.

*Gex & Waller,* for appellant.

Our friends undertake to cite a number of authorities on the proposition that our recording statutes are not mandatory. Of course, authorities, from other states can be of little value in the consideration of this question,

because as set out in our original brief, recording statutes are creatures of the legislature, and there are probably as many variations in the recording statutes as there are statutes on the subject in the various states of the union.

However, we shall follow our friends insofar as we deem it necessary to show the fallacy of the authorities by them cited. They cite 27 Cyc. 1160, wherein a number of authorities are cited, and the text in order to cover the whole field, states among other things "that the recording statutes generally are directory and inspection of the cases in support of the text will show that they do not support the text, nor are they applicable to the issues under consideration in this cause." This quotation, it will be noticed is under the head of "Sufficiency of Record." If our friends have read Cyc. under the head which they should have read, of "Place of Record," they would have found in 27 Cyc. 1159, the following:

"A mortgage of standing timber is a mortgage of an interest in land, and must be recorded as such; and filing it as a chattel mortgage in the town clerk's office will not give notice to a subsequent purchaser."

This quotation shows conclusively that the instrument required to be recorded must be recorded as by law provided.

Our friends then cite again 17 Corpus Juris, page 250, wherein it is said among other things that a transcript in the wrong book has been held not to be a defect in recordation. Since that statement was not consonant with the findings everywhere, we have inspected the citation and find the text is supported but by two cases. One is a Pennsylvania case, the other is a case styled *Durence* v. *North National Bank*, 117, Ga. 385. Both of them were decided on special statutes, providing that filing for record and not recording, was sufficient to entitle a deed to be considered as being recorded, and under those circumstances the record could be introduced to prove the contents of a deed,

A fair illustration of what was involved in those cases is set out in the last mentioned case. The issue there was only whether the deed was entitled to be introduced in evidence, having been recorded, in the records of mortgages and deeds of trust. The court held that it was entitled to introduction because under a recent statute of that state, the vendee or the mortgagee was not required to see that his deed was recorded, that statute having amended the old law requiring him to see that it was actually placed of record, as the law exists in Mississippi. In passing on that subject the court said:

"Under the old law, when the actual record of the deed was necessary to give it priority, actual record was necessary for its admission in evidence without further proof. Until actual record, it was not then a registered deed. Now, however, when a deed has full effect, from the moment it is filed for record, it becomes from that moment a 'registered deed' within the meaning of the Code."

However, if our friends find satisfaction in citing Corpus Juris, a book, the text of which is made up only for the purpose of enabling the publisher to put into the notes every case decided, they might have read on the same page and further down from their quotation, in Corpus Juris, as follows:

"And a court cannot make a valid registry of a deed in any other manner than that prescribed by statute. The registration of a map of the premises conveyed does not supply lack of registration of the deed."

Certainly our friends can find no satisfaction in the Mississippi cases cited on different statutes. We have cited the cases on our statutes, which are unreversed, and conclusive to the effect that the statute must be strictly construed, and they provide, that the recordation must be in the record of Mortgages and Deeds of Trust, and the substituted appointment must be of record before the sale of property can be made.

The Alabama cases cited were case decided on the Alabama statute not requiring the party appointing a sub-

stituted trustee to see that the appointment was actually recorded. There was not in those cases the question as to where the appointment should be recorded, because the statute provides that the filing for record is sufficient.

We do not care to follow our friends in the supposed cases they offer, that the matter of common knowledge which they say exists throughout Mississippi, about records, etc. All of this was argued in the many cases cited in our original brief, the right of the law, and the consequences of strict interpretation of such statutes, was presented to our court, and once when they undertook to modify the statute, or that is to interpret the statute liberally, immediately the law making power answered all our friends' arguments, by adding to the statute the objection they now find thereto. Personally we see no objection to the statute. In fact we think it is most beneficial. However, if our friends have any fault to find with the statute the place for their argument will be in the next legislature. The law is plainly written, and as such has been plainly interpreted, by this court, time and again. To depart from that interpretation or to hold that substitutions of trustees and mortgages and deeds of trust may be recorded where the clerk sees fit to record them in violation of the plain mandate of the law, will be to overrule the legislature without any warrant therefor, and to reverse cases that have now become *stare decisis,* in Mississippi.

*Rawls & Hathorn,* for appellee.

Section 2773 Code 1906, Hemingway's Code 2277, is a highly penal statute and would have to be strictly construed, and if the court should have any doubts about whether or not this substitution must be recorded in the book called "Record of Mortgages and Deeds of Trust on Land," these doubts should be resolved in favor of complainant on account of the highly penal nature of this statute.

The case of *Searles et al. v. Kelly et al.*, 88 Miss. 228, 40 So. 484, demonstrates the strict construction placed on this statute, and the liberality with which it is construed in favor of those who are sought to be brought under its condemnation, or penalties. In that case the mortgage provided that "In case of default in payment of either of the notes the legal holder of any of them might appoint a trustee to take possession and sell in the manner and upon the notice required by statute for sales under execution at law."

Pursuant to this authority Searles, appointed D. as trustee to sell under the mortgage which he did after due advertisement. This appointment as trustee was not filed for record until the day of the sale, and after the sale had actually been made. Objection was made to this and the court said:

"One objection is made that the appointment of J. B. Dabney as trustee under the oldest incumbrance, that of the Gutherie estate, was not filed for record until after the actual sale and therefore the sale was vitiated under the statute of 1896. Laws 1896, ch. 96. p. 105. We cannot concur in this. That statute had reference expressly to 'substituted trustees.' Mr. Dabney was not a substituted trustee. He was an original trustee, appointed by the holder of the unpaid notes in strict accord with the terms of the mortgage contract."

Thus showing that the complainant must be brought clearly and unmistakably under the terms of these two sections. (Sections 2773 and 2890 Code 1906.)

Addressing ourselves now to the second issue, and conceding for the purposes of this argument only, that the trustee agreement or deed from Fain, Hudson and Day to Wyatt H. Ingram was a deed of trust given to secure the payment of money, and comes within the contemplation and purpose of the lawmakers, as being such an instrument as is required to be recorded in a book to be marked "Records of Mortgages and Deeds of Trust on Lands," and conceding the same as to the instrument substituting H.

C. Homeyer as trustee, can the substituted trustee sell the property involved in the bill of complaint, without having his appointment as trustee recorded in a book marked "records of mortgages and deeds of trust on lands." Or to state the issue of law simply and squarely, is section 2809, Code 1906, section 2310, Hemingway's Code, merely directory or is it mandatory?

In determining this question we desire to call the court's attention to the fact that prior to the Code of 1906, there was no such statute or law as section 2809 or section 2810 Code 1906. Prior to this time all instruments affecting the title to lands whether deed, mortgage, deed of trust or whatever its nature, was recorded in the same book so far as the law was concerned. It is a matter of common knowledge that it was many years after 1906 before a great many of the counties put in these extra books as they were looked upon then. The acts were treated as directory by the counties and it appears reasonable that they are purely directory. It would appear that the legislature got the idea that because of the great number of deeds of trust on land being given, that it would be more convenient for the clerk and for the public that these records be kept separate and hence the clerks were directed by section 2809 to procure and keep separate mortgage records for mortgages and deeds of trust given to secure the payment of money, and by section 2810 the clerk is directed to keep a separate index thereof. It will be interesting to note that all chattel mortgages and deeds of trust are still recorded in the same books as are chattel deeds and other instruments affecting chattels. These books being designated "Chattel Record Books." See section 2812, Code 1906. And it is also interesting to note that this section provides, "An instrument embracing land shall not be recorded in the Chattel Record Book." There is no provision that no instrument embracing land other than mortgages or deeds of trust given to secure the payment of money, shall not be recorded in the books marked "Records of Mortgages and Deeds of Trust on Land." And

*vice versa* there is no provision of law that "Mortgages and
Deeds of Trust given to secure the payment of money"
shall not be recorded by the clerk in "A well bound book
of good paper to be provided by him for that purpose,"
as provided by section 2808, Code 1906.

No one could be hurt by the courts declaring this stat-
ute directory and great damages might be done by its
being declared mandatory. Prior to 1906 one examining
titles must examine all the records in the office of the
clerk to find mortgages or deeds of trust, and after 1906
he must still examine all these records and all the indices
for he cannot, nor will any reasonably prudent man, be
satisfied with the validity of a title based on an examina-
tion of the books marked and called "Records of Mort-
gages and Deeds of Trust on Land." He will examine all
the records in the chancery clerk's office affecting the title
to his lands, and the law makes this encumbent upon him
to do so.

In support of our contention that this statute is direc-
tory we call the court's attention to the following cita-
tion, 27 Cyc. 1160; 18th Corpus Juris 250; *Anthony* v.
*Butler,* 10 L. Ed. 435.

We think that this mortgage has been recorded in a
book kept, though not exclusively, for the purpose of re-
cording mortgages which convey real and personal prop-
erty; and that it is within a fair construction of the stat-
ute. *Amos* v. *Givens et al.,* 60 So. 830 (Ala.) ; *Chapman &
Co.* v. *Johnson,* 142 Ala. 633, 38 So. 797, 4 Ann. Cas. 559;
*Eufaula National Bank* v. *Pruett et al.,* 128 Ala. 470, 30
So. 730.

From these citations and cases it is clear that this stat-
ute is directory.

Section 2291 Hemingway's Code 2787, Code of 1906
declares all mortgages void, unless lodged for record. The
exact words being "All deeds of trust and mortgages what-
soever shall be void as to all creditors and subsequent pur-
chasers for valuable consideration without notice, unless
they be acknowledged or proved and lodged with the clerk

of the chancery court of the proper county to be recorded in the same manner that other conveyances are required to be etc."

This section indicates very strongly that the mere lodging with the clerk for record was all that was incumbent upon the holder of the mortgage in order to give constructive notice of his lien. But section 2788, Code of 1906, section 2292, Hemingway's Code removes all doubt; this section having for a caption of title Instruments to Take Effect When Delivered to the Clerk, "Every conveyance, covenant, agreement, bond, mortgage and deed of trust shall take effect as to all subsequent purchasers for a valuable consideration without notice, and as to all creditors only from the time when delivered to the clerk to be recorded."

This section is upheld in the case of *Mangold* v. *Barlow,* 61 Miss. 593, to the extent that it is said that even though the clerk make a mistake in the recording, it is still notice. The grantee having done all that the law requires of him when he lodges it with the clerk for record. *Chapman & Co.* v. *Johnson,* 38 So. 798.

This being true, there can be no doubt but that sections 2809 and 2810 of Code 1906, are directory insofar as the recording of mortgages or deeds of trust to secure the payment of money is concerned.

But appellants will say that section 2772, Code 1906 especially provides that the substitution must be actually spread at large upon the records, etc., the filing for record or lodging with the clerk not being sufficient, and that, therefore, our argument as to mortgages and deeds of trust etc., is not applicable. Let us now see if it is.

From the decisions and statutes quoted it is clear that sections 2809 and 2810 Code 1906, are directory as to the recording of mortgages and deeds of trust, as we have already demonstrated. Could it be said that these sections are directory as to mortgages and deeds of trust and mandatory as to substitutions? Is there any sound reason to be assigned why a different rule or construction should

be applied to the recording of substitutions than to the recording of the original instrument on which the grantor must depend for his power to make the substitution? Absolutely none.

The court of course bears in mind also that when section 2773, Code 1906, was enacted into law (1896) all instruments affecting land were recorded in the same book and no change was directed until ten years thereafter.

It seems perfectly clear that these acts of the legislature requiring mortgages and deeds of trust etc., to be recorded in books marked "Records of Mortgages and Deeds of Trust on Lands," and requiring a separate general index to be kept for these mortgages and deeds of trust, were enacted into law, not for the convenience or benefit of the makers of the deeds of trust or mortgages, nor the beneficiaries, but for the benefit and for the convenience of that person who might desire to investigate the title, for the public if you please, and this being true, the beneficiary in the deed of trust should not be the one to suffer if the clerk makes an error in the recording of an instrument by recording it in the wrong book. As well said in the *Mangold case, supra,* "He is not a guarantor of compliance by the recording officer with the law as to recording. It is not for his benefit that the recording is to be done, but for others. The state has undertaken to have the recording done, and if one suffers from the negligence of the officer he must seek redress from the officer.

Section 2809, Code 1906, section 2310, Hemingway's Code, provides that the book in which "Mortgages and Deeds of Trust on Land to Secure the Payment of Money," and the "Substitution of Trustees in Such Instruments" are to be recorded, shall be marked and designated "Records of Mortgages and Deeds of Trust on Lands." Let us suppose that the clerk had no designation on the record book at all, but just had a large well bound book in which he recorded mortgages and deeds of trust and substitutions, and a general index to this book. Now bear in mind the book is a record book, such as is required

by the statute except it is not marked or designated as provided by the statute. Would the recording of a substitution in this book, or a mortgage or deed of trust be void because of the fact that the clerk had failed to designate the book by having printed or written on it the words provided in the act? Certainly not. This requirement is purely directory and if any part of the act is directory then it is all directory. We venture the assertion that half the record books in the county offices of the state are not marked or designated as required by statute. You will find record books with the backs and designations entirely gone, and yet they are perfectly good and legal records.

Again the statute section 2810, Code 1906, Hemingway's Code, section 2311, provides that a separate index shall be kept of these "Records of Mortgages and Deeds of Trust on Lands." Suppose the clerk had not indexed the substitution of H. C. Homeyer as trustee at all, could it be said that the appointment and the deed executed by the trustee to Fain, Hudson and Day was void, merely because the clerk had failed in his duty to index the appointment of the substituted trustee? Is Fain, Hudson and Day going to be required to make a physical examination of the general indices of these "Records of Mortgages and Deeds of Trust on Lands" to see that the appointment of their substituted trustee has been indexed as required by the statute, or can they rely on the certificate of the clerk that it has been recorded and the presumption that the clerk has done his duty and recorded it in the proper book and that it has been properly indexed? Certainly he can rely on the clerk having done his duty as to indexing the substitution, and if this is true, then it is certain that this section 2810, Code 1906, section 2311, Hemingway's Code as to general index, is directory and not mandatory, and there is no sound reason why this section should be directory and the preceding section mandatory.

To hold these sections mandatory would work a great hardship on the beneficiaries of deeds of trust, for it would

mean that every time they appointed a substituted trustee they must follow their instrument into the clerk's office, stand over him while he recorded it, and indexed it, so as to be sure that it was on the proper book and properly indexed, instead of relying on the clerk's certificate of record that he had performed his duty as to recording on the proper book and making the proper index.

To hold the statute directory can hurt no one, and is certainly responsive to reason and common sense.

We therefore respectfully submit that the judgment of the chancellor in this case is eminently correct, and that the case should be affirmed.

SYKES, P. J., delivered the opinion of the court.

In this case the appellee (complainant in the chancery court) seeks to confirm its title to certain lands described in the bill. The chain of title of complainant is shown by exhibits to the bill. A demurrer was interposed by the defendant in the lower court, which was overruled, and, the defendant declining to plead, a final decree was rendered in favor of complainant, from which decree this appeal is here prosecuted.

The ground of the demurrer is that the complainant by its deraignment of title fails to show a good title in itself.

In bills to confirm title and remove cloud from title the complainant must show a good title in himself; otherwise his bill is subject to demurrer. *Russell* v. *Hickory*, 116 Miss. 46, 76 So. 825; *Chiles* v. *Gallagher*, 67 Miss. 419, 7 So. 208.

In its chain of title the appellee shows a deed of trust upon these lands to secure the payment of certain creditors of an insolvent concern. This deed of trust does not make the parties of the first part liable for the indebtedness, but merely makes the property liable therefor. It is contended by the appellee that this is not a deed of trust which must be recorded in the "records of mortgages and deeds of trust on land" referred to in section 2809,

Code of 1906 (section 2310, Hemingway's Code), because the makers of this instrument owed no money to the beneficiaries. We are not called upon to pass upon this question because the demurrer was properly sustained.

The real question in the case, and upon which we base our decision, is this:

The deed of trust provided, among other things, for the appointment of a substituted trustee in case the trustee therein named declined or refused to act. The trustee declined to act and a substituted trustee was duly appointed. This appointment of the trustee was recorded in the deed records of the county, but was not recorded in the "records of mortgages and deeds of trusts on land," under section 2809 of the Code, *supra*. It is the contention of the appellant, and very forcefully argued by counsel, that, since section 2773, Code of 1906 (section 2277, Hemingway's Code), makes void sales of land under deeds of trust by substituted trustees, unless the substitution shall appear of record in the office of the chancery clerk of the county where the land is situated, and unless it shall so appear by being actually spread at large upon the record before the first advertisement or notice of sale shall have been posted or published, the filing for record or lodging with the clerk not being sufficient, the record referred to in that section necessarily means the record wherein this appointment of a substituted trustee is properly recorded, and that the proper record is that of "records of mortgages and deeds of trust on land;" that this is the proper record, because it is so expressly provided by section 2809. This section expressly provides that mortgages and deeds of trust and all instruments of writing whereby a trustee is substituted under a deed of trust shall be recorded in books other than those in which other instruments relating to land or records are recorded. In this case the appointment of the substituted trustee was recorded in a book where deeds relating to land were recorded, or in a deed book record of the county. It is therefore necessary to consider in detail the exact meaning of these two sections (2773 and 2809.)

Chapter 96, Laws of 1896, provided that sales under deeds of trust by substituted trustees were void unless the writing appointing the substituted trustee appeared of record in the office of the chancery clerk. Under this act the court held sales void where the written appointment of a substituted trustee was not of record in the office of the chancery clerk. In these two cases this appointment had not been filed with the chancery clerk when the sales were made. *White* v. *Jenkins,* 79 Miss. 57, 28 So. 570; *Shipp* v. *Bldg. & Loan Ass'n,* 81 Miss. 17, 32 So. 904.

In the case of *Brown* v. *Mortgage Co.,* 86 Miss. 388, 38 So. 312, the appointment of a substituted trustee was filed with the chancery clerk before the sale, but was not actually recorded upon his records at the time the sale took place. The court held this was a recording within the language of the statute. After this decision the law was amended as it now appears in section 2773, which now requires this substitution to be "actually spread at large upon the record." Consequently this language is plain and unambiguous, and requires the appointment of a substituted trustee to be actually spread upon the record kept in the office of the chancery clerk.

Beginning with section 2805 and ending with section 2815 there are certain duties required of a chancery clerk in recording instruments in the public records of his office. In these sections he is required to keep certain books, and record deeds and certain instruments relating to land in books, and in other books he is required to record mortgages and deeds of trust relating to lands; he is also required to keep a chattel record book. He is required to keep direct and reverse indexes. Section 2815 provides for a penalty in case of failure to properly keep these records.

It is unquestionably true that under section 2809 the proper place for this substitution to have been recorded was in the records of mortgages and deeds of trust on land. It was recorded, however, upon another land record.

Prior to the enactment of chapter 96, Laws of 1896, it was not necessary that the appointment of a substituted trustee be recorded. Section 2773, unless complied with, invalidates sales by a substituted trustee, and for that reason should be strictly construed. This section does not in express language require this recordation in the record of mortgages and deeds of trust, but only requires it to be recorded upon the record. Since it relates to land we think it means that it be recorded in a land record. Section 2809 deals more explicitly with the records that are to be kept by the chancery clerk; under that, preceding, and subsequent sections he is required to keep at least two land records and a chattel record. The objects and purposes of these recording statutes are to charge the people generally with notice of the contents of the records, and are also to have these records, in order that by the exercise of proper care and diligence by an examination of them they may obtain actual knowledge of their contents. In this case any one who desired to investigate the title to the land in question, and who exercised reasonable diligence in doing so, would not only examine the records of mortgages and deeds of trust, but would also examine all other land records in the office. He would, therefore, have found actually spread upon the land records this substitution; it could not have escaped him. Consequently there was a substantial compliance with section 2773 in this case. To hold otherwise would be to invalidate all land sales where the clerk had erroneously recorded this substitution in any other land record than that required by section 2809. It would further invalidate these sales where a clerk had failed to keep a separate book for the recording of mortgages and deeds of trust. In our judgment such was not the intent and purpose of the legislature when section 2773 was enacted. The learned Chancellor so held, and the decree is affirmed.

*Affirmed.*