WHITE *v.* STENNIS *et al.**

(Division A.   Nov. 26, 1928.)

[118 So. 902.   No. 27484.]

---

*"Recording" defined, see 23 R. C. L. 182; 7 R. C. L. Supp. 772.

*F. V. Brahan,* for appellant.

*Chas. B. Cameron,* for appellee.

McGOWEN, J.   White, appellant here, plaintiff in the court below, instituted in the county court of Lauderdale county unlawful entry and detainer proceedings against Stennis and another for possession of certain lands. Upon the trial the county court entered a judgment in favor of the defendant, the appellee here, from which judgment White appealed to the circuit court, where the judgment of the lower court was affirmed. From this judgment White prosecutes his appeal here.

The facts, briefly stated, are that the appellant, T. J. White, Jr., was the owner and beneficiary in a deed of trust executed by the appellees, Q. M. B. and L. A. V. Stennis. In the original trust deed, of which T. J. White, Jr., was the assignee, E. L. Snow was named as trustee; and, desiring to have the deed of trust foreclosed, the appellant undertook to substitute another trustee, and for that purpose carried his papers to F. V. Brahan, an

attorney. The attorney wrote on the original deed of trust the following:

"The said E. L. Snow, trustee herein named, having refused or neglected to act as such, I hereby appoint F. V. Brahan, as substituted trustee with all the powers as those hereby conferred on the said E. L. Snow, trustee. Witness my signature this 19th day of May, A. D. 1926.

"[Signed] T. J. WHITE, JR."

After this notation was made on the original papers, the attorney went to the courthouse, and copied the substitution on the deed of trust in Book 139, at page 224. This notation was signed by the beneficiary in the attorney's office.

Thereafter Brahan advertised the property for sale, sold it, executed his trustee's deed to T. J. White, Jr., who became the purchaser at the sale, and said trustee's deed was duly recorded and indexed by the chancery court.

Neither T. J. White, Jr., nor the chancery clerk were present when the attorney wrote on the record in the chancery clerk's office the foregoing substitution of trustee. No part of the substitution, as it was spread on the record, was in the handwriting of T. J. White, Jr., or the chancery clerk, or in the presence of either. The whole substitution was in the handwriting of the attorney.

Many objections were interposed by the appellee to the introduction of the record, for the reason, as contended, that there was no substitution of a trustee, and that there was no spreading on the records of a substitution by the beneficiary in the trust deed.

It is the contention of the appellant here that when the attorney copied the substitution which appeared on a paper, separate and distinct from any record in the chancery clerk's office, a legal substitution was thereby made. The court below held that there was no legal

substitution, and that the proceeding was wrong, and the substituted trustee's deed thereunder was void.

The decision of this case involves a construction of section 2432, Hemingway's Code of 1927 (section 2773, Code of 1906), which section is as follows:

"Sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor or grantors therein, but shall be absolutely null and void, both at law and in equity, unless the substitution shall appear of record in the office of the chancery clerk of the county where the land is situated, and unless it shall so appear by being actually spread at large upon the record before the first advertisement or notice of sale shall have been posted or published; the filing for record or lodging with the clerk not being sufficient. Such substitution, however, may so appear by a separate instrument recorded as above set out in all respects, or a copy of such substitution may be recorded as above set out."

This statute originally appeared in our laws by virtue of chapter 96 of the Laws of 1896, and, as amended, is set forth in section 2773, Code of 1906. In *Brown* v. *Mortgage Co.*, 86 Miss. 388, 38 So. 312, said chapter 96 was construed by this court, and it was there held that the lodging and filing with the chancery clerk of a separate appointment, duly acknowledged, substantially complied with the statute.

In the cases of *White* v. *Jenkins*, 79 Miss. 57, 28 So. 570, and *Shipp* v. *B. & L. Ass'n*, 81 Miss. 17, 32 So. 904, this court held that, where the appointment of a substituted trustee had not been filed with the chancery clerk when the sale was made, such sale was void.

After the decision of this court in *Brown* v. *Mortgage Co.*, *supra*, the law was amended, and the statute required that the appointment of a substituted trustee be actually spread upon the records before the first advertisement of notice of sale.

In the case of *King* v. *Jones,* 121 Miss. 319, 83 So. 531, the court held, construing the section as finally amended, that it was a compliance with the statute, where the substitution was lodged with the chancery clerk, and copied by him on the margin of the record of the deed of trust, and such notation on said record was signed by the beneficiary under the supervision of the clerk, though the clerk does not attest the notation on the record—the proof disclosing these facts.

It will be noticed that in the King case a substitution was made by the beneficiary on the record and signed by him, in the presence of the chancery clerk, and the only point sought to be made in the attack on the appointment was that the clerk's failure to attest the beneficiary's action on the margin of the record rendered it void. This court held that the action of the clerk and of the beneficiary was a substantial compliance with the statute.

In the case of *Camp et al.* v. *Celtic Land & Improvement Co.,* 129 Miss. 417, 91 So. 897, this court held that, where the substitution of a trustee on the record was filed with the clerk in due time, and recorded on the land record book by the clerk, instead of on the land deed of trust book, the action of the clerk constitutes a substantial compliance with the statute.

There are two ways set out by this statute in which substitution of a trustee in a trust deed may be accomplished by the beneficiary thereof, and, if neither course is followed, a deed given in pursuance thereof is denounced by the statute as void: First, the actual spreading of the appointment of the substituted trustee at large upon the record before the first advertisement of the notice of sale has been posted or published; second, the substitution may be accomplished by the execution of a separate instrument appointing a substituted trustee to be acknowledged and recorded in the office of the

chancery clerk of the county, as other documents are re-quired to be recorded.

As neither the beneficiary nor the clerk had anything to do with the entry made by the attorney on the record in this case, it seems quite clear to us that there was no authorized spreading on the record of the appointment of a substituted trustee by the beneficiary such as can be recognized as notice. This substitution was entirely written on the record by one who had not been intrusted by the law with the authority so to do, and consequently it was an unauthorized and illegal appointment, and did not constitute notice.

In 23 R. C. L., p. 182, par. 38, it is said: "Recording means the copying of the instrument to be recorded into the public records in a book kept for that purpose *by or under the superintendence of the officer* therefor."

It would not do, under this statute, to hold that a stranger to the records may at his will, and without the assent and superintendence of the officer in charge, make entries on the solemn records which constitute the time-honored way in which titles to lands are recorded and preserved. Especially is this true where the Legislature has evidenced so much care in prescribing the exact method by which the substitution of a trustee may be made of record. In effect it provides that, if a party desires, he may go to the record, and there make his appointment of a substituted trustee with the knowledge of the custodian of the records, in which record he is making what the Legislature considered an important and vital change; or if he does not desire to suffer the inconvenience of visiting the office of the chancery clerk, and wishes to make the appointment of a substituted trustee in a legal manner, he is given the option of ex-ecuting a separate instrument, signed and acknowledged by him; and same must be acknowledged and recorded before the substituted trustee is authorized to act, and

before validity can attach to said trustee's actions thereunder.

The notice must be given in the prescribed way, it being the prime purpose of the statute to make sure that what is found on the record is authorized by those for whom the record speaks. A party may not substitute some other way for the plain provision of the statute.

Any other construction would lead to confusion, and permit the general public to be at the mercy of those who, whether intentionally or unintentionally, proceed to exercise the functions of the custodian of the records, and make changes therein, to suit their fancy. In this case we have no doubt that the attorney who copied on the record the substituted trustee, and the signature, did so in all good faith; but that cannot alter the fact that there was no authority in him to act for the beneficiary, or to act for the clerk in this solemn, important matter.

The lower court so held.

*Affirmed.*